# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51060
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMMY DEE PERRIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-26-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Timmy Dee Perrin was convicted of conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine, possession with intent to distribute 50 grams or more of actual methamphetamine, and possession of firearms in furtherance of the aforementioned drug trafficking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51060

crimes.  He was sentenced to a total of 180 months of imprisonment and five years of supervised release.

Perrin argues that the evidence was insufficient to sustain his convictions because no rational trier of fact could have credited the testimonies of his codefendants.  Their testimonies were not incredible as a matter of law.  *See United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991).  Accordingly, this claim of error is unavailing.  *See United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011).

Next, Perrin argues that the district court erred in admitting under Federal Rule of Evidence 404(b) evidence of his prior arrest.  This evidence was not admissible under Rule 404(b) because the Government presented no evidence that Perrin committed the prior bad act.  *See United States v. Gonzalez-Lira*, 936 F.2d 184, 189-90 (5th Cir. 1991).  We need not decide whether the district court plainly erred in admitting this evidence because any error did not affect Perrin's substantial rights.  There is not a reasonable probability of a different outcome in this case given the codefendants' inculpatory testimonies against Perrin and other circumstantial evidence of Perrin's guilt.  *See United States v. Cervantes*, 706 F.3d 603, 616 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.